We'll move now to the final appeal of the morning, number 25-3179, Demir v. Mullin. We'll begin with oral argument on behalf of the appellant, Ms. Elhozar. May it please the Court, thank you, Your Honors. My name is Samira Hosri, and along with my colleague, Allie Boyd, we represent the appellant, Haril Demir. The district court dismissed this case, finding it did not have subject matter jurisdiction. This was error. Section 46.110 does not preclude the district court review of Mr. Demir's challenge to his selective placement, and section 46.110 does not preclude Mr. Demir's challenge to DHS TRIP procedures themselves. First of all, compliments on the complaint with the picture is very interesting. It keeps you moving. Let's focus in on the request relief, the relief requested. Yes. Because there appear to be two aspects of it. One is a challenge to the procedures. One is Mr. Demir's placement on the list. Now, those are my words, not the words of the complaint. How this is pleaded may affect whether or not this is an order, hence which court this is in. Yes, Your Honor. Is there a distinction between those two types of relief from your perspective? Yes, there is a distinction, and we do challenge both. The procedures themselves and the placement. How are the procedures in order? The procedures are not in order subject to 46.110. How is the placement on the list in order? The placement on the list is not in order of the TSA, and section 46.110 only channels orders of the TSA and the FAA. So placement on the list is in order of the threat screening center specifically, and that is not an agency subject to 46.110. So 46.110 does not apply to Mr. Demir's challenge to his placement, and that's something that the district court specifically got wrong in its order. I point you to page 13 of the district court's order where he stated that Mr. Demir challenged the TSA administrator's decision not to remove him from the selectee list. The government's own procedures, which were presented to the district court below and presented to this court in its supplemental appendix, state that the threat screening center is the entity that puts somebody on the selectee list and is the entity that removes somebody from the selectee list after a DHS trip. And if I have the org chart right, the threat screening center, or TSC, is under essentially the FBI, so under DOJ. Yes. Is that right? Yes, Your Honor. The threat screening center is a multi-agency center that includes participation of multiple different agencies, but primarily the FBI is the administrator and the DOJ. So it's not related to the TSA. Which is under Homeland Security. Yes, Your Honor. Let's assume that you're right about the interpretation of order with respect to the initial placement and the continued placement on the selectee list or within the database or the watch list, however you want to say that. Who are the proper defendants on that claim? The director of the TSC in her or his official capacity would be, correct? Yes, Your Honor. Okay. And beyond that, who? The reason I'm asking you the question is the complaint, of course, you have a whole bunch of defendants named, and I understand why. It's not a criticism. If that particular claim, as Chief Judge Brennan broke down, the placement, initial or continued, is able to go forward in the district court, it's not channeled exclusively to the circuit court, who are the proper defendants? So Mr. Jameer is not aware of whatever agency placed him on the selectee list. He is not aware of what information supported any placement on the selectee list. That's not something that the government's policy is to provide, and that is something that we challenge because he never gets that information through DHS TRIP, and that's part of the reason that we do challenge DHS TRIP because it is the method of redress. So hypothetically, it would be whatever agency nominated him, per the government's policies, there's a nominating agency that provides certain information to the TSC, and then the TSC is the entity that decides whether he will be placed in the database more broadly and then whether he's placed on the selectee list specifically. So the TSC and whatever agency is the nominating agency, which we don't know. Is that also why the complaint sues unknown TSC employees, but also Christopher Wray, FBI, because TSC is under FBI, and then also Merrick Garland, Attorney General, because FBI is under DOJ? Yes. So you've sued the TSC line of authority and then whoever else you don't know for the reasons you just stated. Yes. In keeping with that observation, isn't the easiest way to deal with this to say there may well be questions about role, participation in the multi-agency group, ability to provide redress, all that. The district court should sort that out in the first instance. Yes, Your Honor. That's why we're asking this court to find that the district court does have jurisdiction to do that sorting out because that's the kind of sorting out that needs to occur at the district court that we didn't have here. You can name all those people, and they're official. Well, there's different people now, but it doesn't matter. You can name all those officials associated with all those departments and agencies, and it can just get sorted out from there. Yes. Yes, that is what we would like to do. Yes, so I would also like to touch on the DHS TRIP, our challenge to the DHS TRIP procedure themselves. So this court has never made any ruling on whether DHS TRIP is subject to Section 46.110, nor was there any case law at the district court, so we recognize that we were asking the district court to rule on an issue of first impression. Well, there's this old case, but it's under a different statute. Yes, and we would distinguish SEMA products in one specific way, and that is that in SEMA products they were challenging a direct FAA ruling, which required airports to put up specific language on signs. Here we're talking about a whole set of procedures, and under the meaning of the word order, an order is a specific act, a specific determination, and to find that DHS TRIP, which is a full procedure, is an order, goes beyond the scope of what 46.110 anticipates. I'm not at all sure that SEMA products is that narrow. Okay. Okay, and the reason I say that is because there's a lot of courts that have done this. SEMA products, I mean, we know it by looking at it. It relies heavily upon the Investment Company Institute decision out of the D.C. Circuit, and if there's error here, you may have a pretty good argument there is error. It's because of the expansive construction that the term order has been given, not in 46.110 because 46.110 doesn't exist when these decisions are, but in statutes that are special review analogs to 46.110. Yes, and I would also point your honor to. So I don't, I'm just not sure that, I mean, of course, yes, SEMA products is a different fact pattern. It involves different parties. I don't know legally that it can be distinguished. I think they are distinguishable in the SEMA products reliance on an administrative record that they could review. If we're looking at DHS TRIP and we're looking at Mr. DeMere's challenge to the process provided by DHS TRIP, there is no record, administrative record, as it were, that would allow, were we to go to a court of appeals. I think that's just another way of restating your merits argument. That's another way of you saying that's why we are right about the term order. Yes, yes, your honor, I would agree. Would you like to reserve the remainder of your time? Yes, thank you so much. Thank you. We'll now move to the argument on behalf of the appellee, Mr. Myers. Good morning, your honors. May it please the court, Stephen Myers for the government. I'd like to start with the question of the challenge to the DHF procedure itself, which is what we think the thrust of the complaint really is about. I want to underscore that SEMA products is directly on point. Chief Judge Brennan, I also just want to clarify that it really is the same statute. SEMA products is dealing with 49 U.S.C. section 1486. If the court looks at the 1980 version of that statute, you'll see language that is functionally identical. But do we really interpret statutes like that anymore? You read that decision, it's so contrary to the way the modern federal judiciary looks at a statute. So I think I'd make two points in response to that question. The first is that, you know, whether the answer to that question were yes or no, SEMA products is circuit precedent, and it binds this panel. But taking a step back, this approach to interpreting special review statutes that place jurisdiction in the Court of Appeals dates back, you know, as the court was alluding to, at least to the D.C. Circuit's 1970s decision in the investment company case. Congress has surely been aware of those decisions, including when it recodified what was then section 1486 as section 46110 in a 1994 statute. That is, the court, the citation for that, it's public law 103-272. It was just intended to recodify section 1486. And so, again, whether SEMA products, you know, is the way that a court would read the statute from first principles today, I don't think the court needs to answer that question. And that's both because SEMA products is binding circuit precedent, and because Congress has been aware of decisions like SEMA products, like investment company, like the other cases we've cited, and Congress hasn't suggested that it has any problem with that. And so the DHS TRIP process is an order issued by TSA because it is a scheme set out by TSA, created through a rulemaking process, capable of review on an administrative record. And we think this court would be departing, again, not only from its own precedence, but from the D.C. Circuit, the Fourth Circuit. And Mr. Myers, I totally understand why you're saying, you know, SEMA products, SEMA products, and you just got, I mean, I'd be saying the same thing if I were standing there. Assume SEMA products doesn't exist, or assume we choose to revisit it. The question I have then, kind of in keeping with what Chief Judge Brennan is saying about interpreting statutes, how is the, it's Judge Nelson in the Ninth Circuit, you're aware of his opinion, right? Yes. Okay, how is that reasoning mistaken in your view? In other words, why should we interpret order to have the kind of breadth that you just articulated? So I think I'd make a couple of points. One, just fighting the question a little bit, I mean, there are two Judge Nelson opinions in that case, and it's the majority. No, I know. I'm talking about the separate concurring opinion. As the author of that panel opinion, that panel had to follow circuit precedent, too. I understand that. Yes, so the concurring opinion points to the Supreme Court's decision in McNary, which we think is answering an entirely different question, right? McNary is about an entire preclusion of judicial review, and in McNary, the Supreme Court says, you know, even though there's preclusion as to individual challenges, there isn't preclusion as to a broader programmatic challenge. We're not here saying that Mr. DeMere doesn't get to bring a challenge to the DHS process in any courts. We're not making a preclusion of review arguments. We are simply asking this court to enforce the jurisdictional channeling scheme that Congress adopted in 46-110. And so in our view, the sort of premise of Judge Nelson's concurring opinion, which is motivated, I think, in significant part by a fear that there would be no review at all, really isn't applicable. That being said, again, as Judge Nelson acknowledged, you know, he was bound by circuit precedent. We think this court is as well. OK, let me ask you to assume something different. Assume we affirm. Right. OK, and the exclusive jurisdiction over a challenge to the TRIP program has to proceed in the circuit court. Right. What does that look like as a kind of an on-the-ground matter in the circuit court? Because we, you know, I'm asking that question because there are categories of cases in the administrative scheme that will come to us in the first instance. Right. Immigration is a common example. The immigration cases that come to us come with an administrative record.  Right. And when I take a look at the DHS TRIP program and the correspondence that, you know, flows between the parties when inquiries are submitted, what's the administrative record look like? And if we, if as a circuit court we wanted to do any kind of, you know, development, better understand procedures, et cetera, we don't do that, right? I mean, there's no discovery that happens, not in any traditional sense. Right, certainly no discovery. I think the way it would work is that a petitioner would file a petition for review in this court. It would be a challenge to the regulations that set out DHS TRIP. I would imagine the government, you know, assuming that other jurisdictional prerequisites were satisfied, would file an administrative record that would be the record of that rulemaking behind those CFR provisions. I have those regulations. Yes. You know, I thought they go about a page and an inch. They're not long. I understand that point. Right, and I presume that their client is going to say, well, we need a little bit more than that. So I think, so I just wonder about, do you kind of, hopefully you'll get a little time here. You get, you just get kind of stuck in the sense that there's more that we need in the record than is here. And what I was trying to do was find examples of other circuit court decisions that, other circuits that have entertained these kinds of challenges. There's not much out there. So I think that's right that there's, excuse me, not much out there with respect to these regulations. But what I take petitioners or plaintiffs' argument to be is really that it's one of the CFR provisions that says that, you know, that TSC will review all the documentation, information requested, conduct, excuse me, correct any erroneous information, and then provide the individual with a timely written response. I take plaintiffs' argument to be that's not good enough. We require confirmation of whether or not we're on the selectee list. We require an explanation as to why we're on the selectee list.  So the courts that I have found that have looked at this, they say it's basically a procedural due process argument. That's what it is. So let's invoke Matthews versus Eldridge. Let's do the government balancing and all that. And then what do you do? Do you submit, like, affidavits or declarations in the first instance in the appellate court? Or it's just odd. I don't think there would be a need for declarations in the first instance in the appellate court. I think this court or a court where this claim was brought could on the basis of the administrative record. In 2024, the D.C. Circuit had a case. Okay. It's a little bit different. There's a whole bunch of lists, right? Yes. Okay. And it involved the quiet skies list. And with your experience, you probably know about it.  Anyway, in the D.C. Circuit, there was a whole bunch of evidence that was submitted in the first instance. Okay. You can go look it up. I'll tell you what it is. It's 109F4562. Just listen to the recording. You'll get the site. Thank you. Okay. There was a declaration from the director of DHS trip, et cetera, et cetera. And, you know, maybe that's the way it proceeds, but that's just an odd function in a circuit court. That's my only observation. And I guess the only point, I'm not familiar with that case, but the only point I would make is that there is a slew of areas where Congress has assigned initial responsibility for petitions for review to the Court of Appeals. Labor is one. Labor, transportation, you know, SEC. Are there like administrative, are there records, though? Like, I mean, administrative records that are kind of in place in those cases? I would think so, and I think there would be here as well. Now, whether there would need to be supplementation, you know, based on a particular claim, I don't know.  I want to make sure in my last minute just to try to address the point, you know, if I've managed to convince the Court of what I've been saying so far, that this is really the only claim in the case, and that this case did not squarely involve a challenge to placement or maintenance on the list. I think it's particularly easy with respect to placement, because the district court itself said that no such claim was brought. As to maintenance on the watch list, the district court, you know, emphasized again and again that the allegations in the case were really fundamentally about the inadequacy of the DHS TRIP process itself. Even after the government acknowledged in response to the motion for reconsideration that Plaintiff was correct that any decision to keep Mr. DeMere on the list would have been made by TSC and not TSA, the district court still held that the dismissal stood because challenges to DHS's traveler redress inquiry program fall within the exclusive remedial scheme. That's how the district court understood the complaint. Plaintiff had every opportunity to submit amended complaints to clarify that misunderstanding, and we think it's telling that Plaintiff, you know, waited until this court to ask for an opportunity to amend the complaint again. At some point, there's just a limit to the number of bites of the apple that a litigant gets. Thank you, Mr. Myers. Thank you. Ms. El-Hossary, we'll go to you now for a rebuttal argument. I'll give you two minutes. Thank you. I'd like to address two issues, first being the McNary case, which you all discussed with my colleague across the aisle. The McNary case, I think, though a little bit different from the facts we're dealing with here, I think has two key pieces of analysis that really help show how DHS TRIP is not an order subject to jurisdiction channeling. First, McNary found that any administrative record that might be created for any specific challenge to—I think it was an immigration designation—would not create a sufficient administrative record for this court to review a constitutional challenge to the procedures, which is exactly what Mr. DeMere brings in his claim. Second, the court reviewed the abuse of discretion standard that the Court of Appeals would apply to the immigration determinations and found that that abuse of discretion standard was also inappropriate for review of constitutional issues, which are reviewed de novo. And 46.110 has a similar—46.110 Part C says that findings of fact, if supported by substantial evidence, are conclusive in the Court of Appeals, and that's inappropriate for a constitutional challenge were it to be brought in the first instance. I'd second like to quickly address where we squarely challenged both his placement and maintenance on the selectee list. Throughout the complaint, we talk about the harms that Mr. DeMere faces when he travels. So both harm to his right to travel, the harm to his reputation, and the harm to his ability to complete his employment. And those are all harms that are caused by his placement on the selectee list. And I would direct the court to the allegations on supplemental appendix page 6 and 10. And with that, we ask that this court reverse and remand. Thank you, Ms. El-Hosari. Thank you, Mr. Myers. The case will be taken under advisement. That will complete the court's oral arguments for the day.